JUSTICE WEBER
dissents as follows:
The majority opinion concludes that the District Court improperly allowed evidence which suggested that the appellant was discharged for reasons other than those set forth in the discharge letter to him. The foundation for this holding is Swanson v. St. John’s Lutheran Hospital (1979), 182 Mont. 414, 597 P.2d 702. It is true that in Swanson this Court concluded that the only reason for discharge *24 which the District Court could consider was the reason set forth in the discharge letter and that reasons other than those stated in the discharge letter were irrelevant. However, I contend that Swanson is not appropriate authority for our case.
The distinction from the present case is that in Swanson the employee had demanded a letter stating the reasons for her discharge and such a letter had been written and delivered to her. Swanson specifically applied § 39-2-801, MCA (1979), which states:
Employee to be furnished on demand with reason for discharge. It is the duty of any person after having discharged any employee from his service, upon demand by such discharged employee, to furnish him in writing a full, succinct, and complete statement of the reason of his discharge and if such person refuses so to do within a reasonable time after such demand, it is unlawful thereafter for such person to furnish any statement of the reason of such discharge to any person or in any way to blacklist or to prevent such discharged person from procuring employment elsewhere ... (Emphasis supplied.)
In considering the foregoing statute, Swanson stated:
Under § 41-1311, RCM 1947, now § 39-2-801, MCA, upon such demand, the employer must furnish to the discharged employee a “full, succinct, and complete reason of discharge.” The letter of August 23,1977, was the employer’s compliance with that statute. ... Where, as in Montana, the purpose of the statute is to prevent “blacklisting”, it is our duty to interpret former § 41-1311 requiring a “full, succinct, and complete” statement to mean exactly what it says. Therefore, in the case at bar, the only reason which could be considered by the District Court was the reason set forth in the letter of August 23, 1977, ... (Emphasis supplied.)
Swanson, 182 Mont. at 422, 597 P.2d at 706. In the present case, there was no request or demand on the part of the appellant for a statement of the reasons for his discharge. As a result § 39-2-801, MCA, is not applicable. The only request was made by Golden Sunlight Mines (GSM) when it requested appellant to furnish specific medical documentation explaining his absence from work for a period of several months. When he failed to furnish such additional medical documentation, he was given his letter of termination which in pertinent part stated:
You have been asked to provide specific documentation explaining your absence from work from May 31 to August 28, 1989. We do not have documentation substantiating this absence and we have *25 reason to believe that not all of this period was attributable to illness or injury. Since you have been unable to furnish this documentation in a reasonable period, August 25 to September 7, 1989, and given your statement on September 7 that you will not supply any further information, we cannot allow you to return to work. This being the case, we have no option but to terminate your employment effective September 8, 1989.
I conclude that § 39-2-801, MCA, is not applicable in the present case and as a result Swanson is not authority for the conclusion reached in the majority opinion. The letter given in the present case is not in any way comparable to the letter in Swanson which is required under the code sections pertaining to blacklisting and protection of discharged employees. The majority opinion has provided no appropriate legal support for its determination that the court abused its discretion by permitting testimony of other possible reasons for the discharge.
I therefore dissent from the majority opinion.
CHIEF JUSTICE TURNAGE joins in the foregoing dissent.